WENTWORTH, Judge,
dissenting.
I would reverse and require consideration of the husband’s motion filed within 120 days after the judgment of dissolution in this case. The judgment expressly provided that its reservation of jurisdiction over certain issues “shall become null and void” after 120 days “[sjhould neither party petition the Court for the determination of such issues:”
... it is ordered .... That the Court retains jurisdiction of this cause ... to determine the following issues for a period of 120 days following the entry of the Judgment .... Should neither party petition the Court for the determination of such issues thereafter such issues shall be deemed to have been waived and this provision shall become null and void: ... (e.s.)
Ordinary rules of construction clearly permitted the parties to read the judgment in a way that gave meaning to all of its terms in relation to others, in a way that did not nullify the specific proviso which conditioned the 120-day lapse on the absence of petition by either party. This case is simply not comparable to those in which the period of reserved jurisdiction is not so defined. Locke v. Locke, 383 So.2d 273 (Fla. 3d DCA 1980). There appears to me to be no issue presented as to the trial court’s general authority to reserve jurisdiction, or to its authority to define that reservation in terms that permit completion of the exercise of jurisdiction over an authorized motion filed within the stated time.